UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTHA DANIELS BEY and
MELKIYAH EL,

    Plaintiffs,

v.

BERNARD YOUNGBLOOD and
CATHY GARRETT,

    Defendants.

Case No. 2:14-mc-51041
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**OPINION AND ORDER GRANTING IN PART MOTION TO QUASH [2]**

The document that initiated this case is atypical. Instead of a complaint, Melkiyah El—and possibly Martha Daniels Bey—filed a "Letter Rogatory" pursuant to "the United States Constitution, Treaty of Peace and Friendship (1787), divine law, International Laws of Commerce and Trade, Foreign Relations and Intercourse Title 22, and the Moroccan Empire," as well as "the All Writs Act, 28 USC § 1651 and § 1696." (Dkt. 1 at 1–2.) Essentially Melkiyah El asks this Court to order Bernard Youngblood, alleged to be the Wayne County Register of Deeds, and Cathy Garrett, alleged to be the Wayne County Clerk, to produce certain documents relating to the foreclosure of Daniels Bey's home. (*See id.* at 3–4.) He says, "[t]he information obtained from this Letter Rogatory request is necessary in obtaining evidence into the investigation of unauthorized claims, unfair debt collection practices and misrepresentations made by BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, AS TRUSTEE [FOR CERTAIN CERTIFICATE HOLDERS] . . . and RESURGENT MORTGAGE SERVICING regarding real property located . . . [in] Belleville, Michigan." (Dkt. 1 at 2.) Youngblood and Garrett move to quash the letter rogatory. (Dkt. 5.) For the following reasons,

the Court will grant Youngblood and Garrett's motion as it pertains to Melkiyah El's requested relief. The Court will dismiss Daniels Bey's case without prejudice.

"'[A] *letter rogatory* is the request by a domestic court to a foreign court to take evidence from a certain witness.'" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1 (2004) (quoting Jones, *International Judicial Assistance: Procedural Chaos and a Program for Reform*, 62 Yale L.J. 515, 519 (1953)). For the first time in 1855, Congress provided federal courts with the power to assist foreign tribunals in gathering evidence, with the request for federal-court aid taking the form of "letters rogatory forwarded through diplomatic channels." *Id.* In 1948, Congress passed legislation, now codified at 28 U.S.C. § 1782, that "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247–48.[1]

---

[1] Section 1782 of Title 28 of the United States Code now provides,

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

(b) This chapter does not preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other

Section 1782 does not permit this Court to compel the Wayne County Register of Deeds or the Wayne County Clerk to produce the documents that Melkiyah El seeks. There are a number of requirements that must be satisfied for a court to compel the production of evidence under § 1782. Dispositive here is that the testimony or documents be "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation," 28 U.S.C. § 1782. *See In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007) ("A district court has the authority to grant an application for judicial assistance if the following statutory requirements in § 1782(a) are met . . . (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; . . .); *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998) ("The prima facie showing mandated by [§ 1782] is only that the application be made (1) 'by a foreign or international tribunal' or 'any interested person,' (2) that it be 'for use in a proceeding in a foreign or international tribunal' and (3) that the person or entity from whom the discovery is sought be a resident of or be found in the district in which the application is filed."). Melkiyah El has not identified any "foreign or international tribunal" in which the information he seeks from Youngblood and Garrett will be used. (*See generally* Dkt. 1.) Accordingly, this Court cannot grant Melkiyah El the relief he seeks and will grant Youngblood and Garrett's motion to quash Melkiyah El's letter rogatory.

The Court also notes that the court filings in this case are signed only by Melkiyah El, not by Daniels Bey. (*See* Dkt. 1 at 4, Dkt. 3 at 1.) This presents an additional problem because Melkiyah El may represent himself pro se, but he may not represent Daniels Bey unless Melkiyah El is an attorney whom Daniels Bey retained to represent her interests. *See Myers v.*

---

thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him.

*Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*. . . . The reasoning behind this rule is two-fold: it protects the rights of those before the court, . . . and jealously guards the judiciary's authority to govern those who practice in its courtrooms . . . ."); *cf. Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (noting that although 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel," that statute "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake"). "A federal court rightly expects a lawyer to represent a litigant. By its supervision of the bar and through its reliance on the lawyers before it, the court is enabled to function. Professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 698 (9th Cir. 1987). Here, Melkiyah El has not identified himself as an attorney. *See* E.D. Mich. LR 5.1(a)(1) (providing that papers filed with the court by attorneys must include state bar identification number).

Accordingly, the Court ORDERS as follows:

Youngblood and Garrett's motion to quash is GRANTED as to Melkiyah El's request for this Court to order Youngblood and Garrett to produce documents or any other potential evidence. Because no other relief is sought, Melkiyah El's case is DISMISSED WITH PREJUDICE.

Because Daniels Bey has not signed any of the filings in this case, because it appears that she has not retained an attorney to act on her behalf, and because she did not respond to the

4

motion on her own behalf, the Court DISMISSES Daniels Bey's case WITHOUT PREJUDICE.

It is further ordered that the hearing scheduled for October 9, 2014 is CANCELLED.

SO ORDERED.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Dated:  October 3, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 3, 2014.

s/Jane Johnson  
Case Manager to  
Honorable Laurie J. Michelson
